**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHAEL THOMAS LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-771 (APM) |
| | ) | |
| PENNSYLVANIA HIGHER EDUCATION | ) | |
| ASSISTANCE AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the court is Defendants' Joint Motion for Judgment on the Pleadings and for Bar to Refiling, ECF No. 37 [hereinafter Defs.' Mot.]. As explained below, the court enters judgment in favor of Defendants but does not enter the requested injunction against future litigation.

**I.**

Dismissal of this action is warranted because Plaintiff's suit is barred by the doctrine of res judicata, including issue preclusion. *See Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (setting forth elements); *Klayman v. Rao*, 49 F.4th 550, 553 (D.C. Cir. 2022) (describing issue preclusion as a "form of res judicata"). At the heart of Plaintiff's complaint is the legal contention that "I simply did not owe any 'student loans' at the time of my chapter 7 bankruptcy discharge nor do I owe any now." Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot., ECF No. 40 [hereinafter Pl.'s Opp'n], at 2. But courts have repeatedly held otherwise. In a suit against these same Defendants, the U.S. District Court for the Eastern District of Kentucky, in a 15-page opinion, concluded that Plaintiff's prior bankruptcy had not resulted in discharge of his student debt. *See Lewis v. Pa. Higher Educ. Assistance Agency*, No. 16-cv-19 (GFVT), 2017 WL 814247, at \*6

(E.D. Ky. Mar. 1, 2017) ("Mr. Lewis should have been aware, from the general discharge order or from reading 11 U.S.C. § 523, that his student loan obligations were not discharged."). The Sixth Circuit affirmed that ruling. *See Lewis v. Pa. Higher Educ. Assistance Agency*, No. 17-5317, 2018 WL 11235927, at *3 (6th Cir. Jan. 24, 2018) ("Because all of Lewis's claims were premised solely on his erroneous assertion that the debt had been discharged in the Chapter 7 bankruptcy proceeding, his complaint failed to state a plausible claim upon which relief may be granted."). And Plaintiff's subsequent efforts to seek relief all failed, including a trip to the Supreme Court and *two* more turns before the Sixth Circuit. *See Lewis v. Pa. Higher Educ. Assistance Agency*, 586 U.S. 825 (2018) (denying certiorari); Defs.' Mot. at 4–5 (describing procedural history). Res judicata squarely forecloses Plaintiff's attempt to undo these rulings.

Plaintiff tries to avoid this result by asserting that his present claim arises under the Racketeer Influenced and Corrupt Organizations Act and "focuses on the multitude of overt and overt predicate felonies that the Defendants and their associates committed, in part, to obtain" by fraud the earlier adverse decisions. Pl.'s Opp'n at 5. But res judicata prevents relitigation of "issues that were or *could have been* raised" in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). Plaintiff had every opportunity before the District Court in Kentucky to challenge the records presented and the representations made about the status of his student loans. He cannot collaterally attack that court's decision now by asserting that it was secured by fraud. *See Weldon v. United States*, 70 F.3d 1, 5 (2nd Cir. 1995) (applying res judicata where the plaintiff sought to set aside an earlier judgment through an independent action, alleging misrepresentation and fraud upon the court).

## II.

Defendants seek "an order precluding Plaintiff from filing any further action against Defendants . . . except with advance approval by this Court." Defs.' Mot. at 15. The court has the power to issue such an order. *See Klayman v. Porter*, 104 F.4th 298, 306 (D.C. Cir. 2024). The D.C. Circuit has cautioned, however, that pre-filing injunctions "must be a tool of last resort and reserved for those rare and egregious cases in which the 'frivolous or harassing nature' of a litigant's actions threatens the 'administration of justice' or the 'integrity of the courts[.]'" *Id.* (alteration in original) (citation omitted). Such an injunction should be entered only in "exigent circumstances." *Id.* (internal quotation marks and citation omitted).

The court is tempted to grant Defendants' request. Plaintiff has repeatedly litigated this matter before the federal courts, exacting a meaningful burden on Defendants. Order, ECF No. 31, at 2. That history prompted this court to conclude that "Plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,'" and to order him to pay Defendants unpaid costs, including attorneys' fees, from a similar precursor action that Plaintiff filed but withdrew in the Eastern District of Kentucky, before he could proceed with this case. *Id.* at 2–3 (citation omitted).

Still, the court concludes that "exigent circumstances" are not present to warrant a pre-suit injunction. *See Klayman*, 104 F.4th at 306. This is the first suit Plaintiff has filed against Defendants outside the courts of the Sixth Circuit. Notably, those courts did not impose sanctions despite Plaintiff's repeated frivolous litigation efforts. *See* Defs.' Mot. at 5 (District Court in Kentucky "not[ing] the possibility of sanctions"). Also, as mentioned, this court previously refused to allow this matter to proceed until Plaintiff fulfilled his cost obligations to Defendants, which he did. Pl.'s Resp. to Ct.'s Orders, ECF No. 35. The court is hopeful that that payment,

plus the dismissal of this action, sends a strong message to Plaintiff that any additional litigation against these Defendants regarding his student loans is likely to be met with stiff sanctions.

**III.**

For the foregoing reasons, Defendants' Motion, ECF No. 37, is granted in part and denied in part. Plaintiff's outstanding Motion for Leave to File, ECF No. 42, and Motion to Expedite, ECF No. 47, are denied as moot.

The court hereby dismisses this action and enters judgment in Defendants' favor. A final, appealable order accompanies this Memorandum Opinion.

Dated: June 30, 2025

Amit P. Mehta
United States District Judge